Juniata Limestone Company, Limited, *v.* Millard H. Fagley, James Funk and John A. Smith, County Commissioners, and William S. Hammond, District Attorney of Blair County, Appellants.

*Constitutional law—Taxation—Aliens—Act of June* 15, 1897.

The Act of June 15, 1897, P. L. 166, entitled " An act regulating the employment of foreign born, unnaturalized male persons over twenty-one years of age, and imposing a tax on the employers of such persons," etc., is unconstitutional, because it offends against the 14th amendment to the constitution of the United States, and also against section 1 of article 9 of the constitution of Pennsylvania, which provides that " all taxes shall be uniform upon the same class of subjects," etc.

Argued April 20, 1898. Appeal, No. 135, Jan. T., 1898, by defendants, from decree of C. P. Equity Docket " B," No. 288, on bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Bill in equity against the county commissioners to restrain them from collecting the tax imposed upon the employment of alien laborers under the act of June 15, 1897.

The plaintiff in this suit is a limited partnership, organized and doing business in Blair county, Pennsylvania, under the laws of this state. Its business is quarrying limestone, and preparing it for the markets. The principal part of its labor is

manual, performed by Austro-Hungarian aliens, many of whom are male, of twenty-one years and upwards; therefore taxable under the act of the general assembly of Pennsylvania, approved June 15, 1897.

Pursuant to the provisions of said act the county commissioners of Blair county collected from the plaintiff, in two quarterly payments, the sum of $69.96, for the quarters ending September 30, 1897, and December 31, 1897, respectively. Plaintiff filed this bill averring the unconstitutionality of the said act as in conflict with the fourteenth amendment to the federal constitution and as in conflict with section 1, article 9, of the constitution of Pennsylvania, praying that injunction be issued, restraining defendants from collecting said tax; to which bill the defendants, on March 10, 1898, answered and demurred to the effect that said act was valid and in harmony with both of said constitutions.

The court in an opinion by BELL, P. J., entered a decree in favor of the plaintiffs.

*Error assigned* was decree of the court.

*Wm. S. Hammond*, with him *J. Horace Smith*, county solicitor, for appellants.—The act does not conflict with the fourteenth amendment: Principles of Constitutional Law, Cooley, 237; Kentucky R. R. Tax Cases, 115 U. S. 321; Barbier v. Connolly, 113 U. S. 27; Soon Hing v. Crowley, 113 U. S. 703; Yick Wo v. Hopkins, 118 U. S. 356; City of Minneapolis v. Reum, 6 U. S. C. C. A. 31; Bell's Gap R. R. v. Penna., 134 U. S. 232; Black's Constitutional Law, 468; Columbus Southern Ry. Co. v. Wright, 151 U. S. 470; McCulloch v. Maryland, 4 Wheat. (U. S.) 428; Bank v. Billings, 4 Peters, 563; St. Louis v. Ferry Co., 11 Wall. 423; Kirby v. Shaw, 19 Pa. 260; Sharpless v. Mayor of Philadelphia, 21 Pa. 158.

The constitutional provision that all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax (section 1, article 9, of the constitution of Pennsylvania) does not preclude the legislature from classifying a part of the lands in the city as "rural," and assessing them at a lower rate than other lands in the city. Nor will it prevent foreign and domestic corporations being classified

separately for purposes of taxation: Cooley on Taxation, 196, 197; Roup's Case, 81* Pa. 211; Germania Life Ins. Co. v. Com., 85 Pa. 513.

The court cannot pronounce a tax unconstitutional on the mere ground of injustice and inequality: Durach's App., 62 Pa. 491; Fox's App., 112 Pa. 337; Kittanning Coal Co. v. Com., 79 Pa. 100; Weister v. Hade, 52 Pa. 474; Com. v. Del. Div. Canal Co., 123 Pa. 594.

The fourteenth amendment to the federal constitution does not compel the states to adopt an iron rule of equal taxation: Bell's Gap R. R. v. Penna., 134 U. S. 232; Giozza v. Tiernan, 148 U. S. 657.

*Stevens, Owens & Pascoe*, for appellee, were not heard, but argued in their printed brief: The act violates the federal constitution: Barbier v. Connolly, 113 U. S. 27; Yick Wo v. Hopkins, 118 U. S. 356.

The reading of the act under consideration discloses that the law is not even fair on its face, being neither a tax law nor a law under the police power of the state, but rather a law intended to harrass and interfere with a part of the laboring class of people obtaining employment, who, under the federal constitution, are guaranteed against any such interference: Yick Wo v. Hopkins, 118 U. S. 356; Bell's Gap R. R. v. Penna., 134 U. S. 232; Van Zant v. Waddel, 2 Verger (Tenn.), 260; Dibrell v. Morris, 15 S. W. Rep. 87.

The act offends against the constitution of Pennsylvania: Fox's App., 112 Pa. 337; Com. v. Canal Co., 123 Pa. 594.

The classification is not public in its purpose: Fox's App., 112 Pa. 337; Com. v. Savings Bank, 5 Allen, 436; Black on Tax Titles (ed. of 1888), sec. 18, page 24.

The tax is not uniform, either upon the laboring class or alien class: Stuart v. Palmer, 74 N. Y. 183; Com. v. Chester City, 123 Pa. 631.

Nor can the law be sustained as an occupation tax.

If, however, it should be attempted to defend the act as imposing an income tax, we reply such position is clearly untenable, for an income tax to be uniform should be laid upon all who have incomes: Black on Tax Titles, 25; Banger's App., 109 Pa. 94.

The title is bad: Kittanning Coal Co. v. Com., 79 Pa. 105.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 21, 1898:

This appeal is from the decree of the court below wherein the Act of June 15, 1897, P. L. 166, entitled " An act regulating the employment of foreign born, unnaturalized male persons," etc., was adjudged unconstitutional, because it offends against the fourteenth amendment to the constitution of the United States, and also section 1 of article 9 of our own constitution. If the court was right in declaring the act unconstitutional on either ground, it necessarily follows that there was no error in awarding the injunction against the defendants, and the decree should be affirmed.

The act in question clearly belongs to a vicious species of class legislation which too often finds its way into our statute books, and we have no doubt as to its unconstitutionality on both grounds indicated by the learned president of the court below. It has already been adjudged void by the Circuit Court of the United States of the western district of Pennsylvania.

In Fraser v. McConway & Torley Co., 6 Dist. Rep. 555, the learned circuit judge, after citing authorities directly in point, said: " The tax is of an unusual character, and is directed against and confined to a particular class of persons. Evidently the act is intended to hinder the employment of foreign born, unnaturalized persons over twenty-one years of age. The act is hostile to and discriminates against such persons. It interposes to the pursuit by them of their lawful avocations, obstacles to which others in like circumstances are not subjected. It imposes upon these persons burdens which are not laid upon others in the same calling and condition. The tax is an arbitrary deduction from the daily wages of a particular class of persons. The equal protection of the laws declared by the fourteenth amendment to the constitution secures to each person within the jurisdiction of a state exemption from any burdens or charges other than such as are equally laid upon all others under like circumstances : Railroad Tax Cases, 13 Fed. Rep. 722, 733.

In that case the Court said: " Unequal exactions in every form, or under any pretence, are absolutely forbidden, and, of course, unequal taxation, for it is in that form that oppressive

burdens are usually laid.   It is idle to suggest that the case in hand is one of proper legislative classification.   A valid classification for the purposes of taxation must have a just and reasonable basis, which is lacking here : " Railway Co. v. Ellis, 165 U. S. 150, 165.   In the last cited case Mr. Justice BREWER said : " It is apparent that the mere fact of classification is not sufficient to relieve a statute from the equality clause of the fourteenth amendment, and that in all cases it must appear not only that a classification has been made, but also that it is one based upon some reasonable grounds—some difference which bears a just and proper relation to the attempted classification—and is not a mere arbitrary selection."

The clear and convincing opinion of Judge ACHESON, from which we have thus largely quoted, conclusively shows that the act of 1897, supra, cannot stand the test of the fourteenth amendment.

We think it is equally clear that the act offends against our own constitutional mandate : " All taxes shall be uniform upon the same class of subjects," etc.   This sufficiently appears from the authorities above cited.   It is very apparent from the act itself that the pretended classification of the subjects of taxation is arbitrary and illegal; but, in addition to that, it directly and intentionally discriminates against members of the same class, and creates an inequality among them.

Further comment is unnecessary.   We are clearly of opinion that the conclusion reached by the court below is correct; and the decree is accordingly affirmed, and appeal dismissed at appellants' costs.