## GREEN *et al. v.* STATE HIGHWAY BOARD OF GEORGIA *et al.*

No. 8164. APRIL 16, 1931.

*C. L. Shepard,* for plaintiffs.

*Shackelford & Shackelford,* for defendants.

*Clifford Pratt* and *Robert L. Russell,* for persons at interest, not parties of record.

BECK, P. J. Glenmore Green and others filed their petition against the State Highway Board of Georgia, and the members thereof, and prayed for injunction against the defendants to prevent them from expending money coming into their hands upon State-aid road No. 8, within the corporate limits of the City of Winder. The petition alleged that the defendant was actually grading, draining, and preparing to pave the streets traversed by State Highway No. 8, within the corporate limits of Winder, which has a population of more than 2500. The defendants insisted that they were fully authorized by law to construct and maintain the highway in question in and through the City of Winder, notwithstanding the fact that the population thereof is more than 2500. Upon the hearing the court passed the following order: "This application for injunction came on to be heard, after having been regularly continued until this date. Upon consideration of the petition and answer, and there being no issue of fact involved, and the sole question for determination being whether or not, under the law, the State Highway Department of Georgia has the right to expend State-aid funds in the construction of a road in and through the City of Winder, a town of more than twenty-five hundred

people, and it is my conclusion that the State Highway Department of Georgia has this authority under the law, and injunction is therefore refused and denied. The restraining order heretofore granted on November 8, 1930, is dissolved." To that judgment the petitioners excepted.

As will be observed from the statement of the trial judge, there is but one issue in this case. As stated by him, "the sole question for determination is whether or not, under the law, the State Highway Department of Georgia has the right to expend State-aid funds in the construction of a road in and through the City of Winder, a town of more than twenty-five hundred people." The plaintiffs rest this case upon an act of the legislature approved August 21, 1922 (Ga. Laws 1922, p. 176), relating to State-aid roads in certain places, which was an act to amend an act entitled "An act to reorganize and reconstitute the State Highway Department of Georgia," etc. Excepting the repealing clause, the full text of the act is as follows: "Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by authority of the same, that provision 5, section 5, article 5 of Georgia Laws of 1919, and amendments thereto, Act 1921, to reorganize and reconstitute the State Highway Department of Georgia and to prescribe its powers and duties, be amended by adding at the end of said provision, section, and paragraph the following: Provided said State Highway Board is authorized to construct and maintain State-aid roads in and through towns or cities of not more than twenty-five hundred people." At the time of the passage of this act there was pending in the Supreme Court of Georgia the case of *Lee County* v. *Smithville,* 154 *Ga.* 550 (115 S. E. 107). The act of 1922 was approved August 21, 1922. This court decided the *Lee County* case on November 23, 1922. No reference was made in the decision in the *Lee County* case to the act of 1922, and it is apparent that the decision as rendered was based entirely on the law as it stood prior to the passage of the act referred to. It is clear that under the decision in the *Lee County* case the State Highway Board had the right, until the passage of the act of 1922, to construct and maintain State-aid roads within the corporate limits of any city in the State.

But it is contended by the plaintiffs that this right was abridged by the amendatory act quoted above, and that the meaning of that

amendment is that the right of the board is now restricted to municipalities of not more than 2500 population. Whether the act should be given a construction that would sustain this contention it. is not now necessary to decide. The act referred to is an amendatory act; and treating it as an amendment, it must be given an appropriate place in the act sought to be amended. This court can not arbitrarily select the place at which the amendatory act should be inserted; nor can we arbitrarily attach the amendatory act to any section or provision of the act of 1919. It was for the legislature in passing the amendatory act to indicate clearly what section or what division of the act of 1919 was amended. This they failed to do. The terms of the amendatory act are that "provision 5, section 5, article 5 of Georgia Laws of 1919, and amendments thereto, Act 1921, . . be amended by adding at the end of said provision, section, and paragraph the following: Provided said State Highway Board is authorized," etc. That looks plain enough; but when we examine the act of 1919, we find that article 5 (article being the chief division in the act of 1919) contains no "provision 5, section 5." There is an article 1, with only one section. Article 2, with one section. Article 3 has five sections, and some of these sections contain subdivisions entitled paragraphs. Article 4 has four sections. Article 5, the article specified in the amendatory act of 1922, has eight sections. Section 1 is not subdivided; section 2 has several provisions, one being provision 5. But we can not say that this amendment relates to that provision 5, because it falls under section 2 instead of section 5. And for this reason the defendants insist in their written argument that the amendatory provision which is under consideration is void for uncertainty; and this court is of the opinion that that contention is sound. Certainly where an amendatory act purports to amend a specified article, section, and provision of an existing act, and upon examination of the existing act it is found that there is no article, section, and provision as specified, the amendment thereto can not be given effect; because it would be necessary to construe the amendment in connection with the section of the existing act which the new act purports to amend. It follows that the act of 1922 can not be given the construction insisted upon. In fact it can not be given any force or effect.

In view of what we have said, it necessarily follows that the

court below did not err in refusing an injunction; because, under the case of *Lee County* v. *Smithville,* supra, the State Highway Board had the right to construct the road in question through the town of Winder, unless deprived of that right by the act of 1922.

*Judgment affirmed. All the Justices concur, except*

GILBERT, J., dissenting. The specific holding of this court in which the judgment of the trial court is affirmed is: "This amendment is void for uncertainty, because it can not be determined to which section of the act of 1919 it should be attached as a proviso or amendment, there being no provision 5, section 5, article 5 of Georgia Laws of 1919." The legislation contained in the amendatory act of 1922 is as follows: "Provided said State Highway Board is authorized to construct and maintain State-aid roads in and through towns or cities of not more than twenty-five hundred people." That act is expressed in terms so clear that it is not essential that it be construed in connection with any previous or succeeding language in the original highway act. It is capable of being understood, standing quite alone. The constitution of Georgia, art. 3, section 7, par. 7 (Civil Code (1910), § 6445), provides as follows: "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." This is not an amendment to the Code, but is an amendment to a statute. The constitution, therefore, pertaining to the question, provides that the amending act shall distinctly describe the law to be amended, as well as the alteration to be made. The amendatory act of 1922 distinctly describes the law to be amended, and also very clearly states the alteration to be made; that is, the addition of the provision of the amendatory act of 1922. The amendatory act describes the act to be amended as "provision 5, section 5, article 5 of Georgia Laws of 1919, and amendments thereto, Act 1921, to reorganize and reconstitute the State Highway Department of Georgia." There is no difficulty in finding that act, and therefore it is very clear what particular law the legislature desired to amend. In examining the act of 1919 we find that there is an article 5, and consequently we know that the amendatory act was intended to become a part of that article. But we also find that there is no provision 5, section 5. That fact offers no

hindrance whatever to an intelligent construction of the act of 1919 as amended by the act of 1922, the provisions of the amendatory act becoming a part of article 5 of the act of 1919. For that reason I can not concur with the majority in the opinion that the amendatory act is void for uncertainty. It is not necessary to discuss in this dissent whether or not the judgment of the trial court could be sustained notwithstanding the views just expressed, since the majority have placed the affirmance solely upon the ground that the amendment is void.