WINSLETT, tax-collector, *et al v.* CASE-FOWLER LUMBER COMPANY *et al.*

No. 8004. SEPTEMBER 17, 1931. ON REHEARING, OCTOBER 2, 1931.

*Brock, Sparks & Russell, E. B. Weatherly, T. R. Gress,* and *W. H. Key,* for plaintiffs in error.

*Jones, Jones, Johnston & Russell, Nottingham & Nottingham, Martin, Martin, Snow & Gillen,* and *Harris, Harris & Popper,* contra.

PER CURIAM. ■ A motion for a rehearing having been granted in this case, upon reconsideration of the questions raised, the court has reached the opinion that paragraph 66 of section 2 of the general tax act of 1927, as amended in 1929, imposing an occupation tax on manufacturers of and dealers in lumber and lumber products, is so vague and indefinite as to be unenforceable as to manufacturers of or dealers in lumber products, but is not void in so far as it affects manufacturers of or dealers in lumber; and the judgment of the court below, granting an injunction, should be modified in accordance with this ruling.

■ The court is of the opinion that the act in question is not unconstitutional on the ground that there was no reasonable basis for the classification which put a specified tax upon a dealer in or near a city of a certain size and a different tax upon a dealer near a city having a different population.

*Judgment affirmed in part and reversed in part. All the Justices concur, except*

BECK, P. J., and HINES, J., who dissent from so much of the ruling stated in the first division as holds that the statute in question is unenforceable in so far as it imposes a tax on manufacturers of and dealers in "lumber products," and RUSSELL, C. J., and ATKINSON, J., who dissent from the ruling stated in the second division.

BECK, P. J., dissenting. Case-Fowler Lumber Company, and others joined as plaintiffs, brought a petition seeking an injunction against U. T. Winslett, the tax-collector of Bibb County, and W. B. Harrison, the comptroller-general of the State of Georgia, to prevent the collection by them of a certain occupation tax prescribed by paragraph 66 of section 2 of the general tax act of 1927, as amended in 1929, which reads as follows: "Par. 66. Lumber Dealers. Upon every person, firm, or corporation engaged in the manufacture of lumber products of any character or dealing in lumber or lumber products, whether for themselves or as agents or brokers, in or near cities of 1,000 inhabitants and not more than 10,000, $10.00; in or near cities of more than 10,000 and not more than 20,000 inhabitants, $50.00; in or near cities of more than 20,000 inhabitants, $100.00 for each place of business. Provided, the word 'near,' as used in this section, is defined to mean within a radius of three miles of the incorporate limits of the cities and/or towns in this paragraph referred to." The defendants filed general and special demurrers to the petition, and also their answer. The demurrers were overruled. At the interlocutory hearing evidence was introduced by plaintiffs and defendants; and after a consideration of the cause the court granted an interlocutory injunction against the defendants, restraining them from collecting the tax provided by the section of the tax act above quoted. The defendants excepted to the judgment overruling the demurrers to the petition and to the order granting an injunction.

It is contended by the defendants in error, who were the plaintiffs in the court below, that there is no reasonable basis for classifying manufacturers of lumber products and dealers in lumber and lumber products according to the size of the city in which or near which they operate, so as to assess a larger tax in the larger cities, or within the radius specified in the statute, and a smaller tax in the smaller cities. They insist that while in some kinds of business such a classification may be justified, it can not be sus-

tained when applied to the class or kind of business upon which a tax is imposed by the statute here involved. Evidence was offered, tending to show that the business belonging to the class specified may be operated as well and as successfully in or near a small town as it can be in the larger cities of the State; and that there are no advantages in such business being located in the larger centers as compared with the small towns. I am of the opinion that the classification here attacked as unreasonable and arbitrary is not open to that criticism. The legislature enacting the law which imposes the tax in question may well have concluded that there were advantages, substantial advantages which those conducting the kinds of business specified in the section of the act may expect to enjoy and would enjoy, where the business was located in or near one of the larger cities of the State. Greater facilities for transporting into various sections of the country might have been taken into consideration; the attractiveness of the location for the employees who would necessarily be engaged to carry on the business, on account of proximity to hospitals, schools, churches, theaters, etc.; and that the existence of such attractions, causing a desire to locate near a city, would facilitate the employment and the finding of operatives. Not only that, but in most cases it might be found that there was a larger local market, wholesale as well as retail, for both lumber and lumber products in a large city. Different phases of the question raised by the challenge to such a statute as this, upon the ground that the classification is unreasonable and arbitrary, have been discussed in more than one decision rendered by this court. See *Wright* v. *Hirsch*, 155 *Ga.* 229 (116 S. E. 795); *Price* v. *Richardson*, 159 *Ga.* 299 (125 S. E. 449); *Abbott* v. *Commissioners*, 160 *Ga.* 657 (129 S. E. 38); *Georgia-Carolina Lumber Co.* v. *Wright*, 161 *Ga.* 281 (131 S. E. 173). And we do not think that the contentions here referred to can be upheld.

From what is said above it will be seen that I concur in what is held by the majority in the second division of the decision. But there is another contention made by the defendants in error, which is that if the statute imposing the occupation tax in question is not unconstitutional, it is so uncertain in its terms that it should be regarded as void and unenforceable, and that the court would restrain the enforcement of it. I do not think so, while admitting that the question is not entirely free from difficulty. The main

difficulty, in determining whether the statute is void and unenforceable for indefiniteness and uncertainty, is to be found in the phrase or expression "lumber products." The phrase or designatory expression "lumber products" is not so uncertain in meaning as to render the statute void, unless there is that degree of uncertainty as to the meaning of the word "lumber" or the word "product," or the combination of the two words. It may be possible, where an expression is used consisting of two words thus joined, that uncertainty may arise from the combination, though neither one of the two words standing alone is doubtful or uncertain in meaning. Counsel for plaintiff in error insists that "The addition of a known quantity to another known quantity does not produce an unknown quantity, except in the chemical laboratory;" and there is much nicety of argument and contention about words and their meaning in both of the forcible briefs filed by counsel for plaintiff and defendant; and I have examined these with interest, but shall not attempt a restatement of them or a discussion of the detailed argument conducted here by the opposing sides in the original and supplementary briefs. Nor shall I attempt to give a detailed and comprehensive, inclusive and exclusive definition of "lumber products," such as counsel for the defendants in error insist should be given by the court in case this statute is upheld. Counsel for defendants in error in their brief candidly state that there is no confusion as to the meaning of the word "lumber," that there are lumber associations through which various terms commonly used in the lumber trade have been standardized, and that the trade also recognizes the meaning of the expression "timber." Lumber is referred to as "rough lumber," "dressed lumber," "finished lumber;" and the witnesses who testified in this case gave some definition as to what is meant by these expressions. And it also appears that the witnesses said that "the product of the sawmill is lumber." But it seems that the meaning of the expression "lumber products" is more obscure, and the plaintiff in error contends that it is so obscure that it can not be defined.

I will not attempt to state a hard and fast rule or a complete and exact definition of "lumber products." In the Civil Code, § 4, par. 1, it is declared that "The ordinary signification shall be applied to all words, except words of art, or connected with a particular trade or subject-matter, when they shall have the

signification attached to them by experts in such trade, or with reference to such subject-matter." If the expression "lumber products" can be regarded as a term connected with a particular trade, and experts in that trade have attached to it a certain signification, the courts would respect and give effect to that signification or meaning; but if no trade has given or attached a particular signification to a term or expression, and the words are of common use, we give them the meaning which they have in common use. Now there is no ambiguity about the word "lumber," and there is none about the word "product;" and I do not think that the union of the two words has wrought a subtle change in the meaning of either term or has effected a change such as would be wrought in a chemical laboratory (borrowing this expression from counsel) when two elements are brought into combination and in consequence thereof a radical change is effected in one or both of them. A great many articles made from lumber in the course of manufacturing may, upon consideration of all the material in addition to lumber that is used in the construction of the article, raise questions as to whether it is a lumber product or not. No little is said about the question as to whether furniture and molding and other articles of trade and commerce are lumber products. In view of the skilled labor involved and the cost of employing skilled laborers and the cost of other material used in the manufacture of furniture, in addition to the lumber that goes into it, finished furniture would hardly be classed as "lumber products." And so also with molding. Some molding might be "lumber products," and some, when manufactured into variously costly articles, might not be a "lumber product," the lumber going into it being of but insignificant value as compared to the whole. Some lumber is used in a costly picture-frame made of four pieces of molding; but the gilding, fitting, and joining together, and the cost of the skilled labor involved in manufacturing such a frame, might render the cost of the lumber or lumber product used insignificant, and such a picture-frame would not be classed as a lumber product. Manifestly the court will not undertake to enumerate all the articles made from lumber where the cost of the lumber is so insignificant when compared with the cost of the finished product that no one would think of classing it as a "lumber product." If we strike down this statute upon the ground that it is so indefinite that it can not be enforced, there is

no telling how many sections of the tax act might be attacked upon the same ground. If the constitutionality of the act is doubtful, that doubt will be resolved in favor of its constitutionality. When the officer entrusted with the collection of the tax proceeds to enforce the statute, then doubt as to whether or not certain businesses are taxable under the act ought to be resolved in favor of the taxpayer. Consequently I do not think that the act is void for indefiniteness, or because the classification of the business with reference to the situation or location in or near towns and cities is arbitrarily unreasonable; and I therefore dissent from so much of the ruling of the majority as holds that the paragraph and section of the tax act in question imposing an occupation tax on manufacturers of and dealers in lumber products is void because too vague and indefinite to be enforceable.

I am authorized to say that Mr. Justice Hines concurs with me in this dissent.