24199. WRIGHT *v.* CITY OF ATLANTA.

DECIDED OCTOBER 16, 1934. REHEARING DENIED DECEMBER 17, 1934.

*Ralph R. Quillian, Dillon, Calhoun & Dillon,* for plaintiff in error.
*James L. Mayson, C. S. Winn, J. C. Savage,* contra.

GUERRY, J. Wilmore Wright was convicted in the recorder's court of the City of Atlanta, being charged with a violation of the code of said city which requires that all persons doing business in said city be required to register and pay the registration tax upon their said business. The matter comes to this court by reason of the overruling of a certiorari sued out by the defendant from the recorder's court to the superior court of Fulton county. The tax ordinance which the plaintiff in error was charged with violating is as follows: "Sec. 30. All persons, firms, or corporations doing business in the City of Atlanta shall be required to register each place of business maintained and pay for each of said places of business so maintained a license tax in the amount required by their

respective classifications in the schedule of license. The payment of the license required under the classification of business as contained in the schedule of license shall authorize the conduct of one place of business only of such classification, and an additional license of the same amount shall be paid for each additional place of the same classification. Sec. 31. In the following schedule of licenses the prices fixed are per annum, unless otherwise provided for. All licenses shall be paid for in advance, and are transferrable by the clerk of council, except employment and labor agencies and such licenses as are granted only by the Mayor and General Council, and shall issue for no less time than to end of current quarter, and the cost of the license for every business begun after the first day of any quarter shall be the same as if the business was begun on the first day of the quarter, except such licenses as are issued by the day, week, or month, as follows: Gasoline tanks on sidewalks, 550 gallons or less, each . . $50. Gasoline filling-stations on private property, total storage-tank capacity of 550 gallons or less . . $50. Gasoline filling-stations, total storage-tank capacity 550 gallons to 1100 gallons . . $75. Gasoline filling-stations, total storage-tank capacity 1100 gallons to 2200 gallons . . $100. Gasoline filling-stations, total storage-tank capacity 2200 gallons to 3300 gallons. . . $125. Gasoline filling-stations, total storage-tank capacity 3300 gallons to 4400 gallons . . $150. Gasoline filling-stations, total storage-tank capacity 4400 gallons to 6000 gallons . . $200. Gasoline filling-stations, total storage-capacity exceeding 6000 gallons . . $300.

The ordinance is attacked by the defendant as unconstitutional and void on various grounds which we will presently note. The evidence at the trial disclosed that the defendant, as district manager of the Spur Distributing Company, was and is operating four retail gasoline filling-stations, selling gasoline to the general public, each of said stations having a storage-tank capacity for the storage of gasoline used in the operation of such business at each place, amounting to more than 6000 gallons; that a license tax of three hundred dollars on each of said stations has been assessed against the defendant by the City of Atlanta, under the terms of the tax ordinance above set forth, which tax or license the defendant failed and refused to pay.

When considering the various attacks made upon the ordinance

in question, as rendering it unconstitutional and void, we are to keep in mind those well-settled principles of law so concisely stated by Justice Hines, in *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795), where it was said: "We should go at a snail's gait in declaring legislative enactments, and especially tax acts, upon which the very life of the State depends, unconstitutional and void. We should avoid declaring legislation unconstitutional and void except as a dernier resort. A solemn act of the legislature will not be set aside by the courts in a doubtful case. The repugnancy between statute and the constitution must be clear and palpable. *Carey* v. *Giles,* 9 *Ga.* 253 (4) ; *Wellborn* v. *Estes,* 70 *Ga.* 390; *McMahon* v. *Savannah,* 66 *Ga.* 217, 222 (42 Am. R. 65). A legislative act will never be set aside in a doubtful case. *Park* v. *Candler,* 114 *Ga.* 466 (40 S. E. 523). In approaching a question involving the constitutionality of legislation, we should saturate our minds with the above principle, and should never in a case of doubt pronounce invalid the action of the legislative department of the government." See also *Wright* v. *Fulton County,* 169 *Ga.* 354 (150 S. E. 262) ; *Floyd County* v. *Scoggins,* 164 *Ga.* 485 (139 S. E. 11, 53 A. L. R. 1286).

The City of Atlanta is given, by its charter, the power to lay taxes upon businesses, trades, and professions, carried on within its limits, and to classify them for the purposes of such taxation. See sections 86, 88, of the charter of the City of Atlanta; Atlanta City Code, 1924, p. 28-9. It therefore could levy and collect the tax in question, subject of course to the constitutional limitations. *Burch* v. *Savannah,* 42 *Ga.* 596; *Bohler* v. *Schneider,* 49 *Ga.* 196; *Mayor &c. Savannah* v. *Weed,* 84 *Ga.* 683 (11 S. E. 235, 8 L. R. A. 270) ; *McGhee* v. *State,* 92 *Ga.* 21 (17 S. E. 276). The constitution of 1877, art. 7, sec. 2, par. 1, declares that "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." It has been many times held that the provision of this article, "and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws," has no application to occupation and business taxes, as involved in the case at bar. See *Wright* v. *Hirsch,* supra, and cit. The only requirement with

reference to the class of tax here being considered is, "All taxation shall be uniform upon the same class of subjects," and this requirement is not violated "so long as a given tax is made uniform upon all individuals belonging to the particular class on which it is imposed." *Singer Mfg. Co.* v. *Wright,* 97 *Ga.* 114 (25 S. E. 249, 35 L. R. A. 497) ; *Stewart* v. *Kehrer,* 115 *Ga.* 184 (41 S. E. 680) ; *Wright* v. *Hirsch,* supra, and cit. In other words, under the authority given the city, it may make one general class of all persons engaged in the business of operating filling-stations; and it is also in its power to subdivide this general class into further classes, and, so long as the tax operates uniformly upon every member of a given class, it does not violate the provisions of the constitution set out above. *Wright* v. *Hirsch,* supra. Paraphrasing the language used in *Singer Mfg. Co.* v. *Wright,* supra, it is not only within the power of the municipality to make one general class of all persons engaged in operating filling-stations, for the purpose of taxing them upon their occupations, but it may constitutionally make for this purpose a more limited class, composed of persons engaged in operating filling-stations and *consisting of those transacting such business in specified or particular ways.* The ordinance here being attacked operates upon *all* gasoline filling-stations and subdivides this general class by graduating the tax according to the storage capacity in gallons of gasoline of the station. Upon each and every filling-station coming within any class the tax operates uniformly. The fact that the defendant might have the only filling-station within the class having a storage capacity of 6000 gallons or over would not in any way destroy the uniformity of the act, as required by art. 7, sec. 2, par. 1, of the constitution.

There are, however, certain limitations upon the power of the taxing authority to make classifications of subjects for the purpose of levying occupation taxes. "The classification must be reasonable, and not unreasonable or arbitrary. 'Any classification may be made which is not arbitrary.' *Mayor &c. of Savannah* v. *Cooper,* 131 *Ga.* 670 (63 S. E. 138) ; *Williams* v. *State,* 150 *Ga.* 480, 485 (104 S. E. 408). In the first instance it is for the legislature to judge of the reasonableness of the classification; but finally the courts decide for themselves the reasonableness or unreasonableness of the classification. Now, by what rule are the courts governed in deciding upon the reasonableness or unreasonableness of

such classification? Classification must be based on some reasonable ground. It can not be arbitrary selection. This is about as accurately as the rule can be stated. The classification must square with the rule of reason. Billings v. Illinois, 188 U. S. 97, 101, 102 (23 Sup. Ct. 272, 47 L. ed. 400). The classification must be based on some difference which bears a just and proper relation to the attempted classification. Juniate Limestone Co. v. Fagley, 187 Pa. 193 (40 Atl. 977, 42 L. R. A. 442, 67 Am. St. R. 579)." Wright v. Hirsch, 155 Ga. 229, 240 (116 S. E. 795). Our courts, in following these rules, have held, that a classification of businesses according to territorial population was a reasonable and not an arbitrary one, and that therefore an occupational tax upon every agent, dealer and person soliciting orders for the sale of automobiles, which tax was graduated in amount according to the population of the county in which such agent, dealer or person operated, was valid. Adams Motor Co. v. Cler, 149 Ga. 818 (102 S. E. 440). This form of classification for the purposes of taxation of business, that is, according to the population of territorial division, is one of the commonest forms of classification and has met with the approval of our courts several times. See Richardson v. Barclay, 155 Ga. 331 (116 S. E. 807); Georgia-Carolina Lumber Co. v. Wright, 161 Ga. 281 (131 S. E. 173); Winslett v. Case-Fowler Lumber Co., 173 Ga. 539 (160 S. E. 384). It has been held that a classification of ice-houses, manufacturers, or agencies according to the number of wagons used therein for the purposes of delivery and sale was valid and not unreasonable and arbitrary (Sawtell v. Atlanta, 138 Ga. 687, 75 S. E. 982); see also Davis v. Macon, 64 Ga. 128, 37 Am. R. 60; Johnston v. Macon, 62 Ga. 645; Goodwin v. Savannah, 53 Ga. 411); that a classification of barber-shops according to the number of chairs was valid (Price v. Richardson, 159 Ga. 299, 125 S. E. 449); that a "classification based upon the number of employees is not repugnant to the article, section, and paragraph of the constitution last referred to [uniform taxation]; the classification is neither unreasonable or arbitrary." Atlanta Laundries Inc. v. Harrison, 174 Ga. 448 (162 S. E. 912). It has long been the practice of the legislature in the general tax act to tax corporations according to the amount of the capital stock (Code of 1910, § 950), and soda-founts have been taxed according to the number of spigots (§ 958).

Learned counsel for the plaintiff in error contends that there would be some relation between the number of dispensing pumps at a given station to its volume of sales, and that this would furnish a reasonable basis for a classification, but that no relationship whatever exists between the capacity for storage of gas maintained at a given filling-station to the volume of sales at that station and that for this reason the ordinance is void. It seems to us that the storage capacity in gallons of gasoline of a filling-station does have some relation to the amount of business to be done at such station. It is admitted by counsel that because of the large storage capacity such filling-stations are enabled to sell gasoline at a lower price than others. This fact certainly would bear a direct relation to the amount of business done at such station. However, we do not understand the law in every case to require a classification which relates solely to the ability or capacity of a person or corporation to do business. There are many other considerations that may control the legislature or municipal council in making a classification or sub-classifications of the same kind of business. The only requirement of the law is that the classification be not arbitrary and unreasonable, that it should be based on some difference which bears a just and proper relation to the attempted classification. *Wright* v. *Hirsch,* supra.

The plaintiff in error further complains that the taxing authority of the municipality did not seek to discriminate between wholesale and retail dealers in gasoline, but to the contrary, by the terms of the ordinance, does seek to discriminate between retail dealers in gasoline on a basis which bears no relation to the amount of business done. As pointed out above, we do not understand the law to be that the classification made by the taxing authority must in every instance have a direct relation to the amount of business done by the business taxed. It is to be admitted that the taxing authority could have made classifications of wholesale and retail dealers in gasoline, but the fact that they have not seen fit to do so but have classified retail dealers according to the way their business is conducted is no reason why the ordinance is void. One who operates a filling-station which has a storage capacity of a large amount of gas has many advantages, of various kinds, over those operating with a smaller capacity, which it is not necessary to enumerate here. Filling-stations which have large stor-

age capacities present a greater difficulty to the city than those which maintain a smaller amount, in that such a large amount of gas in a densely populated business district in case of fire would be much more dangerous than a smaller quantity. In Portland Van & Storage Co. *v.* Hoss, 81 A. L. R. 1136, 139 Or. 434 (9 Pac. (2d) 122), it was said: "A constitutional provision that all taxation shall be uniform does not require exact equality in the tax or classification of subjects of taxation, it being sufficient that a reasonable basis is adopted. The wisdom of legislation not being for judicial consideration, the courts are bound to assume that the legislature in imposing an occupation tax has paid due heed to all economic considerations affecting classification and to yield full effect to the statute unless it is impossible to discern any substantial difference between the occupations separately classified. The courts must recognize in the legislative power a very wide discretion in classifying trades, callings and businesses which may be subjected to special forms of taxation through an excise." It is apparent that it can not be said that the classification adopted by the city is unreasonable and arbitrary.

The other attacks made upon the ordinance are without merit, and, from what has been said above, we are of the opinion that the judge of the superior court properly overruled the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*