### 19891, 19892. CITY OF ATLANTA *v.* SOUTHERN RAILWAY CO. *et al.;* and *vice versa.*

CANDLER, Justice. By an act approved February 21, 1951 (Ga. L. 1951, p. 3074), the charter of the City of Atlanta was amended so as to authorize and empower its mayor and general council, in their discretion, to grade, pave, repave or otherwise improve any of its non-arterial streets or portions of its streets and assess the cost thereof against the abutting property. Section 12 of the act is as follows: "It is declared to be the intention of this charter amendment to authorize the improvement of non-arterial streets, public alleys or public places only and that the method herein provided for shall be cumulative and shall not be construed as repealing any other section of the charter of the City of Atlanta authorizing such improvements." On July 18, 1956, the city adopted an ordinance to pave Perry Boulevard from the point where it intersects Hollywood Road "approximately 5,120 feet southeast to end of project," and to assess the total cost therefor against the abutting property. It also, but later, adopted an ordinance to curb the same portion of Perry Boulevard wholly at the expense of the abutting owners. The plaintiffs instituted this litigation against the defendant city on July 3, 1956, and prayed that it be enjoined from paving and curbing the aforementioned portion of Perry Boulevard under the provisions of the charter amending act of 1951 and from assessing any part of the cost therefor against their abutting property. So far as need be stated, the amended petition alleges: Perry Boulevard is a part of the city's public street

system. It connects Hollywood Road and Marietta Road and is approximately 12,855 feet in length. It is used by the public generally for all kinds of vehicular travel, including city and school buses, and it is a much shorter route than other mentioned streets to downtown Atlanta from specified places both within and outside the city. Wholly at its expense, the defendant city is paving and curbing 6,500 feet of it or approximately that half of it which extends northwesterly from the point where it intersects Marietta Road. Of the portion of it which the defendant now proposes to pave and curb, the plaintiffs' land abuts it approximately 2,100 lineal feet on the east and approximately 1,430 lineal feet on the west, and for the cost of such paving and curbing the defendant city expects to levy an assessment of $7.10 against the plaintiffs' property for each abutting lineal foot. Such abutting land is west of but adjacent to the plaintiffs' Inman Yards property and it was acquired by the plaintiffs solely for the purpose of assisting the defendant city in securing a new right-of-way for Perry Boulevard. The part of it which is located west of the boulevard is a very narrow strip of completely unusable property which the plaintiffs offered to donate to the defendant city without charge therefor. However, the defendant city declined to accept such a donation of it, and the cost of the proposed improvements will far exceed its actual value after such improvements are made. The charter amending act of 1951 is too vague, uncertain and indefinite to be enforced; and it is also unconstitutional and therefore void because it offends the due-process and equal-protection clauses of the State and Federal Constitutions. The defendant city demurred generally to the amended petition on the ground that it failed to state a cause of action for any of the relief sought. It also demurred to several paragraphs of the amended petition and moved to strike them. The court overruled the defendant's renewed demurrer to the amended petition as a whole, but sustained some of the demurrers to specified paragraphs of it and overruled the remaining grounds thereof. The defendant city excepted, and sued out a writ of error to this court assigning error on the rulings adverse to it. The plaintiffs also excepted to the rulings on the demurrers which were adverse to them, and in due time presented and caused to be certified a cross-bill of exceptions assigning error on such adverse rulings. *Held:*

When the General Assembly vests power in a municipal corporation to perform governmental functions, it is well settled that it must prescribe clear and definite procedure to guide its action in the performance of such power. As pointed out in our statement of the case, one attack which the amended petition makes on the validity of the city's charter amending act of 1951 is that it is too vague, indefinite and uncertain in its terms to be enforced, and this court has held that an act of the General Assembly which is afflicted with such an infirmity is unenforceable and therefore void. See *Green* v. *State Highway Board of Georgia*, 172 *Ga*. 618 (158 S. E. 329) and *Winslett* v. *Case-Fowler Lumber Co.*, 173 *Ga*. 539 (160 S. E. 384). In the case last cited this court held that part of the general tax act of 1927, as amended in 1929, which imposed an occupation tax on manufacturers of and dealers in lumber products, was void and unenforceable since the term "lumber products" was too vague and uncertain to have any definite meaning. It is a general principle of statutory law that a statute must be definite and certain in its provisions to be valid, and when it is so vague and indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application, it violates the first essential of due process of law. *Hayes* v. *State*, 11 *Ga. App.* 371 (75 S. E. 523); 12 Am. Jur. 282, § 585. Since one of the prime requisites of a statute is certainty in its provisions, the court may declare it inoperative and void for uncertainty and indefiniteness in meaning. 50 Am. Jur. 484, § 472; *Winslett* v. *Case-Fowler Lumber Co.*, 173 *Ga*. 539, supra. The charter amending act of 1951 does not undertake to define the meaning of the term "non-arterial streets." It does not authorize or empower the governing body of the city to determine and designate by ordinance or otherwise which of its streets are arterial and which are non-arterial, and the courts of this State have never defined the meaning of those terms or of either of them. In 5A Am. Jur. 427, § 321, the author says: "A preference in certain streets or highways exists only as created by statute, ordinance, or designation of the proper highway authorities." An "arterial street" has been defined by some authorities as a through street; as one carrying the accumulated traffic of a number of other streets feeding into it, and as one at which vehicles approaching from other streets must come to a full stop before entering it. In Dikel *v.*

Mathers, 213 Iowa 76 (238 N. W. 615), which is cited and relied on by the plaintiff in error, the court was dealing with a public statute (Sec. 4995, Iowa's Code of 1927) which provided as follows: "Local authorities of any city or town may also . . . 5. Designate certain streets as boulevards or arterial highways and to provide that vehicles entering such street from intersecting streets shall come to a full stop before such entrance." Respecting the City of Atlanta's charter, the legislature, as previously pointed out, has neither defined what it means by the term "non-arterial streets" nor given the city's governing body authority to do so by following any prescribed standard or guide; and, since the term has no generally accepted or well-established meaning, we must and do hold that the act of 1951 which purports to amend the city's charter is too vague, indefinite and uncertain in meaning to be enforced by the courts and it is therefore void; and being so, the paving and curbing ordinances which the city adopted pursuant thereto are unsupported by charter authority and are therefore unenforceable. The rulings just made effectively dispose of the entire case and a consideration of the other questions which the record presents for decision is not necessary.

*Affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur. Duckworth, C. J., concurs specially.*

SUBMITTED NOVEMBER 12, 1957—DECIDED JANUARY 10, 1958.

*J. C. Savage, J. M. B. Bloodworth, Henry L. Bowden, Robert S. Wiggins, Newell Edenfield, Ferrin Y. Matthews, Martin Mc-Farland,* for plaintiffs in error.

*Edgar A. Neely, Greene & Neely,* contra.

DUCKWORTH, Chief Justice, concurring specially. I do not agree with the ruling of the majority in the opinion that the charter amendment is void for any of the reasons stated, but I concur in the judgment because it clearly appears that the city is arbitrarily discriminating against these specific property owners by its act in paving other portions of the street involved, thus clearly indicating that, according to its judgment, this is an arterial street.