**James E. MALEY, Trustee in Bankruptcy of Dutch Oven Bakeries, Inc.**

v.

**NATIONAL ACCEPTANCE COMPANY.**

**Civ. A. No. 9702.**

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 11, 1966.

Lipshutz, Macey, Zusmann & Sikes, Atlanta, Ga., for plaintiff.

Harmon & Thackston, Atlanta, Ga., for defendant.

SIDNEY O. SMITH, Jr., District Judge.

This is a suit in which the plaintiff, Trustee in Bankruptcy of Dutch Oven Bakeries, Inc., sues to recover the sum of $20,600.00 from defendant National Acceptance Corporation, which sum represents the proceeds of the sale of certain 1962 and prior model motor vehicles.

In March, 1964, Dutch Oven executed a chattel mortgage security agreement in favor of defendant as to the vehicles in question and a financing statement was filed by the defendant in Fulton County, Georgia, under the general filing provisions of the Uniform Commercial Code, Title 109A, Ga.Code Ann. Defendant seized the vehicles on September 24, 1965, one day prior to the filing of a bankruptcy petition by Dutch Oven. The vehicles were sold by agreement of the parties, and the Trustee now sues for the proceeds of the sale. Defendant moved to dismiss for the reason that its filing a financing statement under the general filing provisions of the Commercial Code perfected its security interest in the vehicles.

The Trustee contends that the Georgia Motor Vehicles Certificate of Title Act (Title 68–4A, Ga.Code Ann.) provides for the central filing of security interest, that the present security interest is thereby specifically excluded from the general filing provisions of the Commercial Code and can be perfected only by filing under the central filing provisions of the Vehicle Title Act. Ga.Code Ann. § 109A–9–302(3) and (4).

In reply, Defendant contends that the registration of title provisions of the Act are not mandatory for cars of 1962 or earlier vintage, and therefore the exclusion in the Commercial Code does not apply. The initial question presented in this Motion to Dismiss is whether the Georgia Motor Vehicle Certificate of Title Act provisions for the central filing of security interests in pre-1963 motor vehicles is such a statute as referred to in the Uniform Commercial Code [Ga. Code Ann. § 109A–9–302(3) (b) and (4)] so as to exclude it from the general filing provisions of the Commercial Code. In order to understand the problem involved in the application of these two relatively new statutes, it is necessary to go back to the time of the passage of these statutes.

The Motor Vehicle Certificate of Title Act was effective as of July 1, 1962.[1] It required that title be obtained for 1963 and subsequent model vehicles, but made optional the acquisition of title certificates for, and the filing of security interests on 1962 or prior model vehicles. At that time there was also in effect for these pre-1963 cars the pre-existing state law providing a general method of filing security interests. Thus, during the year of 1963, subsequent to the passage of the Motor Vehicle Title Act but prior to the passage of the Commercial Code, there were what appear to be alternative methods of filing a security interest in a pre-1963 motor vehicle in Georgia.[2] See Ga.Code Ann. § 68–427a. Security interests in these pre-1963 vehicles, or "previously registered" vehicles under the terms of the Title Act for which no certificate of title is required, could be registered under § 68–438a, or the security interests could be filed under the general provisions of the prior law.

It should be noted that the general filing provisions of the law prior to the Commercial Code did not provide for an exception from its filing requirements for those security interests subject to a central filing statute.

1. Relevant provisions of the Georgia Motor Vehicle Certificate of Title Act provide:
"[Section] 68–406a. (a) Except as provided in section 68–404a, every owner of a vehicle * * * shall make application to the Commissioner for a certificate of title to the vehicle according to the model of the vehicle. Such application is to be made in the following manner: All 1963 model vehicles and all successive model vehicles thereafter shall have a certificate of title: Provided, that by January 1, 1969, all model vehicles shall have a certificate of title.
"[Section] 68–436a. A 'previously registered vehicle' means a vehicle registered in this State when this Chapter took effect or a vehicle whose last registration before this Chapter takes effect was in this State, or a vehicle which is registered in this State and which is not required to have a certificate of title by section 68–406a, subsection (a).
"[Section] 68–438a. Notice of a lien against or the creation of a security

On January 1, 1964, a year and six months after the effective date of the Title Act, the Uniform Commercial Code became effective in Georgia. Ga.Code Ann. § 109A–10–101.

The Commercial Code repealed the prior Georgia law as to the filing of security interests in attempting to achieve its declared purpose "to simplify, clarify and modernize the law governing commercial transactions." Georgia Code Ann. § 109A–1–102; ch. 109A–10. All laws or parts thereof in conflict with the Commercial Code were repealed. Ga.Code Ann. § 109A–10–104.

Thus, at this time the "prior law" which had provided an alternative method of filing security interests in pre-1963 motor vehicles was repealed, and was replaced by the Commercial Code which specifically excludes from its general filing provisions those security interests which are subject to a Georgia statute which provides for their central filing.

Ga.Code Ann. § 109A–9–302 provides:

"When filing is required to perfect security interest; security interests to which filing provisions of this Article do not apply.—

interest in a previously registered vehicle for which no certificate of title or application for certificate of title is required is perfected and given by delivery to the Commissioner of a notice of a security interest in or lien against the vehicle in such form as the Commissioner may prescribe and the payment of the required fee. The security interest in and the notice of lien against a vehicle is perfected or given as of the time of creation if delivery of such notice is made within 10 days thereafter, otherwise as of the time of delivery to the Commissioner thereof."

2. The opinion of the Georgia Attorney General cited by defendant, dated June 11, 1962, to the effect that security interests on all pre-1963 vehicles must be filed under prior law does not change the plain provisions of the law, and in fact appears to be contrary to the clear and specific language at § 68–438a.

\* \* \* \* \* \*

(3) The filing provisions of this Article do not apply to a security interest in property subject to a statute

\* \* \* \* \* \*

(b) of this State which *provides for central filing* of, *or* which *requires indication on a certificate of title* of, *such security interests* in such property.

(4) A security interest in property covered by a statute described in subsection (3) can be perfected only by registration or filing under that statute or by indication of the security interest on a certificate of title, or a duplicate thereof, by a public official." (Emphasis added)

The official comment to § 9–302(3) and (4) of the Uniform Commercial Code provides:

"In addition to central filing statutes many states have enacted certificate of title laws covering motor vehicles and the like. If a certificate of title law *requires the indication of all security* interests on the certificate, subsection (3) (b) exempts transactions covered by the law from the filing requirements of this Article." (Emphasis added) 2 Anderson's U.C.C. § 9–302:1, pt. 8 at 541.

 Thus, the legal result of the passage of the Commercial Code was to replace the prior law and provide for only one centralized method of filing security interests in pre-1963 motor vehicles. Any such security interest filed subsequent to the effective date of the Commercial Code, to be valid, must be filed pursuant to the provisions of the Georgia Title Act. Ga.Code Ann. § 68–436a; § 68–438a.

 This does not invalidate such security interests perfected under the then existing law prior to the 1964 Commercial Code, nor, of course, does it apply to such security interests perfected prior to the Title Certificate Act. Ga.Code Ann. § 68–439a. Although a *title certificate* is not required of all pre-1963 motor vehicles until 1969 [§ 68–406a (a)], the provisions of the Title Act as to *filing* a *security interest* in such vehicles do apply.

That a security interest in *all* motor vehicles (including pre-1963 models for which no Title Certificate is required until 1969) must be filed pursuant to the Georgia Title Act is the only result consistent with the announced purposes of the Commercial Code to provide a simple, clear and modern law of commercial transactions, and the purpose of the Title Certificate Act to provide for a centralized titling of motor vehicles. To hold otherwise would be to institute a confusing system of filing under which one could not be sure exactly where security interests were to be filed.

In accordance with this, and as provided in the Motor Vehicle Title Act, the Georgia State Revenue Commissioner prescribed Form T3 (Notice of Security Interest or Lien) to be used by the Department of Revenue, Motor Vehicle Unit as of January 1, 1964, to process security interests in pre-1963 vehicles.

Thus, as stated in the opinion of the Attorney General dated January 14, 1964, the effect of the Commercial Code on January 1, 1964, was to make central filing under the Motor Vehicle Title Act the only means of perfecting a security interest in any motor vehicle in Georgia.

 Therefore, the defendant's motion to dismiss based on the filing of a security interest in pre-1963 motor vehicles under the general filing provisions of the Commercial Code, instead of filing under the provisions of the Georgia Motor Vehicle Certificate of Title Act, is denied.

Defendant further contends that to reach this conclusion is to deprive it of its property rights in the automobiles without due process. This is based on two affidavits and a line of reasoning as follows: Defendant formerly filed valid automobile security interests in a certain way; two statutes were passed—The Commercial Code and The Title Act—

which combined to change the method of filing automobile security interests; as a result of either overlooking or misinterpreting the central filing exception of the Commercial Code, or relying on an opinion of the Attorney General of Georgia, which has no legal weight, the defendant failed to perfect a valid security interest in the vehicles in question. Thus, the defendant contends that the passage of the two statutes and the changed legal consequences which resulted therefrom constitutes a "confused process [which] clearly deprives defendant of its property rights without due process. \* \* \*"

The case of City of Atlanta v. Southern Railway Co., 213 Ga. 736, 101 S.E.2d 707 (1958) is cited by the defendant to support its contention. This case involved a delegation of power by the Georgia General Assembly to the city government which contained the vague and indefinite standard of "non-arterial streets". The considerations of administrative law involved in a delegation and exercise of quasi-judicial powers to local authorities without adequate standards present in that case are not involved here. Cox v. DeJarnette, 104 Ga.App. 664, 123 S.E.2d 16 (1961), also cited by defendant, involves a municipal ordinance found to be too vague and indefinite to be enforceable, and also involves the exercise of local governmental authority which is not involved here.

■■ The present case involves an erroneous interpretation of state civil statutes. The passage of new statutes of necessity involve changes. Statutes have invariably required interpretation by the Courts. This is especially true in instances involving as here, the interrelationship, of two new statutes which radically alter law. One of the prime functions of the judiciary is to interpret statutory provisions so as to clarify their meaning. Thus, the routine existence of differences in interpretation of statutes do not make them so vague that they cannot be constitutionally applied. If every court interpretation of a statute rendered all that had gone before uncon-stitutional because of vagueness only chaos could develop.

■ The present application of the Commercial Code [Ga.Code Ann. § 109A–9—302(3) (b)] and the Title Act [Ga.Code Ann. §§ 68–436a, and 68–438a] does not constitute the application of statutes so vague as to contravene the requirements of due process.

Accordingly, the motion to dismiss is denied on this ground also.