Dear Honorable Smith,
The Attorney General has received your request for an opinion wherein you ask, in effect, the following question:
Did the Legislature, in enacting House Bill 1227, signed by theGovernor on May 17, 1979, intend to substitute a system of perfectionthrough utilization of a motor vehicle certificate of title in lieu offiling of a UCC-1 financing statement under Article 9 of the UniformCommercial Code in Oklahoma?
The pertinent parts of House Bill 1227, Section 6 First Legislative Session of the Thirty-Seventh Legislature, reads in part as follows:
 "A. 1. On and after the effective and operative date of this act, except for a security interest in motor vehicles held by a dealer for sale or lease, as defined in 47 O.S. 1-112 of the Oklahoma Statutes, a security interest, as defined in 12A O.S. 1-201 of the Oklahoma Statutes, in a vehicle shall be perfected only when a lien entry form, which shall be upon a form prescribed by the Commission, and the existing certificate of title, if any, or application for a certificate of title and manufacturer's certificate of origin containing the name and address of the secured party and the date of the security agreement and the required fee are delivered to the Oklahoma Tax Commission or one of its motor license agents.
 "2. Whenever a person creates a security interest in a vehicle, such person shall surrender to the secured party the certificate of title or the signed application for a new certificate of title, on the form prescribed by the Commission, and the manufacturer's certificate of origin . . . .
 "3. . . . Upon the receipt of the lien entry form and the required fees with either the certificate of title or an application for certificate of title and manufacturer's certificate of origin, the Commission or its motor license agent shall, by placement of a clearly distinguished mark, record the date of receipt of the lien entry form and assign it a number, with the date and number shown in a conspicuous place, on each of these instruments . . . .
 "4. The certificate of title or the application for certificate of title and manufacturer's certificate of origin with the record of the date of receipt clearly marked thereon shall be returned to the debtor together with a notice that the debtor is required to register and pay all additional fees and taxes due within twenty (20) days from the date of purchase of said vehicle.
 "7. The Commission or one of its motor license agents shall have the duty to record the lien upon the face of the certificate of title issued at the time of registering and paying all fees and taxes due on such vehicle." (Emphasis added)
In conjunction with the above statute, one should preview Title 12A O.S. 9-302(3) and 12A O.S. 9-302(4) (1978), which states in part:
 "(3) The filing provisions of this article do not apply to a security interest in property subject to:
 "(a) a statute of the United States which provides for a national registration or filing of all security interests in such property;
 "(b) a statute of this state which provides for central filing of, or which requires indication on a certificate of title of, such security interests in such property; . . ."
 "(4) A security interest in property covered by a statute described in subsection (3) can be perfected only by registration or filing under that statute or by indication of the security interest on a certificate of title or a duplicate thereof by a public official." (Emphasis added)
Therefore, House Bill 1227 is the statute that provides for central filing in the State of Oklahoma. Thus, registration perfection can only be had by registration or filing under House Bill 1227 or by indication of the security interest on a certificate of title or a duplicate by a public official.
The official comments of the Uniform Commercial Code as applied to 12 O.S. 9-302(3) and 12A O.S. 9-302(4) (1978), indicate the following intent as to statutory construction. They state in part:
 ". . . If a certificate of title law requires the indication of all security interest on the certificate Subsection (3) (b) exempts such transactions as covered by the law from filing requirements of this Article . . . ."
House Bill 1227 makes it quite clear that the Oklahoma State Legislature intended that the filing be at the Oklahoma Tax Commission. Since the Motor Vehicle Title Act requires indication of the security interest on the certificate, then the exemption under 12 O.S. 9-302(3)(b) (1978) applies.
Also, if one previews the case law in other jurisdictions construing the relevant statutes, one would find that the intent of the statutes in other jurisdictions who have statutes similar to Oklahoma were to substitute the perfection system set forth in their motor vehicle acts in lieu of filing requirements of Article 9 of the Uniform Commercial Code. One such state is Connecticut. Connecticut and Oklahoma have identical provisions as to the Uniform Commercial Code, 12A O.S. 9-302. In the leading case of In Re Pollack, 3 U.C.C. Rptr.Serv. 267 (D.Conn. 1966) at 270-271 the Court held:
 "Accordingly, in view of all that has been said, and particularly mindful that notice of a security interest in a motor vehicle on a certificate of title is in substitution for and the equivalent of a financing statement required by other types of personal property under the Code (see GS Conn. 42a-9-302(3-4)), the concepts of the Code are held to govern in determining whether or not the notice here was sufficient."
Also, Georgia's Uniform Commercial Code provisions 12A O.S. 9-302(3) and 12A O.S. 9-302(4) are identical to Oklahoma's and provide for a centralized place of filing security interest information on motor vehicles. See G.S. 25-9-302 (3) (b). The Place of filing is the Georgia State Revenue Commission. The Federal Courts of Georgia have held that proper perfection of motor vehicles was under the Motor Vehicle Certificate of Title Law of Georgia and not under the Uniform Commercial Code. See Maley v. National Acceptance Co., 250 F. Supp. 841, 3 U.C.C. Rptr.Serv. 340 (N.D.Ga. 1966); First National Bank and Trust Co. v. Smithloff, 167 S.E.2d 190 (Ga.Ct.App. 1969).
House Bill 1227 clearly specifies where filing of the certificate should be. The place of filing is the Oklahoma Tax Commission, and that exemption of 12A O.S. 9-302(3)(b) (1978) applies. Also, Section 9 of House Bill 1227 repeals ". . . all laws or parts of law in conflict herewith." This section also gives support to the proposition that it is the legislative intent to (substitute) the Motor Vehicle Certificate of Title Law perfection to be filed at the Oklahoma Tax Commission in lieu of filing a UCC-1 at the County Courthouse.
It is, therefore, the opinion of the Attorney General that in order toperfect a security interest in motor vehicles on or after July 1, 1979,the date which House Bill 1227 takes effect, the filing of a financingstatement under Article 9 of the Oklahoma version of the UniformCommercial Code will not be necessary except for security interest inmotor vehicles held for sale or lease by a dealer as defined in HouseBill 1227.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
STEPHEN F. SHANBOUR, ASSISTANT ATTORNEY GENERAL