### 11838.  MIXON v. SAVANNAH & ATLANTA RAILWAY.

STEPHENS, J.  1. The Supreme Court, in answer to a certified question in this case propounded by the Court of Appeals, held as follows: " The provisions of § 2673 of the Civil Code of 1910 ' apply to a railroad company where the public road is crossed only by an excavation made for the purpose of laying therein, across such public road, a railroad-track of the company, and before any railroad-track has been laid and before the work of constructing the railroad is completed across such public road." 152 *Ga.* 670 (111 S. E. 197).

2. Where a railroad company employs another to make an excavation across a public road for the purpose of being thereafter used by the railroad company in constructing therein a railroad, and where the person so employed is not subject to the immediate direction and control of the railroad company but is an independent contractor, the railroad company is nevertheless liable for any injuries received by a person injured while traveling along such public road as a proximate result of the negligence of such independent contractor in failing to keep the road in good order where crossed by the excavation.  The wrongful act or negligence of such employee or independent contractor in failing to keep the public road in good order where crossed by such excavation made for the purpose of constructing the railroad being an act in violation of a duty imposed upon the railroad company by statute, as contained in Civil Code (1910), § 2673, codifying an act of 1838 (Ga. Laws, 1838, p. 216), the railroad company is not absolved from liability upon the ground that the alleged tort was committed, not by the railroad company, but by its employee or independent contractor.  Civil Code (1910), § 4415 (4).  The statute imposing such duty upon the railroad company reads as follows: " All railroad companies shall keep in good order, at their expense, the public roads or private ways established pursuant to law, where crossed by their several roads, and build suitable bridges and make proper excavations or embankments, according to the spirit of the road laws." Civil Code (1910), § 2673.

3. This being a suit against the railroad company by a person alleged to have been injured while traveling along a public highway by virtue of the alleged negligence of such independent contractor in failing to keep the highway in good order where such excavation made by such independent contractor crossed the public highway, and the trial court having failed to properly instruct the jury in accordance with the above rulings, it was error to overrule plaintiff's motion for a new trial excepting to the verdict and judgment rendered for the defendant.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*
DECIDED MARCH 20, 1922.

Action for damages; from Jefferson superior court — Judge Hardeman. August 10, 1920.

*W. L. Phillips, W. T. Revill,* for plaintiff.

*Hitch, Denmark & Lovett, Phillips & Abbot,* for defendant.