34544.  SOUTHERN RAILWAY COMPANY *v.* DUNN *et al.*

DECIDED MARCH 10, 1953.

741

*Pittman, Hodge & Kinney*, for plaintiff in error.

*Malcolm C. Tarver, Mitchell & Mitchell*, contra.

CARLISLE, J. ■ The plaintiff, in effect, alleged in his petition that each of the two defendant railway companies, in violation of its duty to keep the street crossed by its tracks in good order according to the spirit of the road laws, was negligent in specified particulars in its maintenance of Emory Street in the City of Dalton where that street is crossed by the rights-of-way of the respective railway companies, and that the negligence of each of the two companies concurred to cause the plaintiff's damage. As against a general demurrer, the petition showed negligence on the part of the defendant railway companies in failing to keep the street crossing in good order, and that such negligence was the cause of the damage to the plaintiff's automobile. *Atlanta, Birmingham & Coast R. Co.* v. *Smith*, 43 *Ga. App.* 457 (159 S. E. 298); *Central of Georgia Ry. Co.* v. *Dumas*, 44 *Ga. App.* 152 (7) (160 S. E. 814). And in the absence of allegations negativing these general allegations under a proper construction of the petition, the case must go to the jury for a determination of the questions of diligence and negligence, including contributory negligence, and proximate cause.

It does not appear from this record that the defendant Western & Atlantic Railroad interposed any demurrers to the petition. Counsel for Southern Railway Company contend, however, that, since it is alleged that the defendant was proceeding across the crossing from west to east, and the right-of-way of Southern Railway Company is west of that of the Western & Atlantic Railroad, the holes into which it is alleged the front wheels of the plaintiff's car dropped, causing him to lose control of the car, were on the right-of-way of the Southern Railway, and that, since it is alleged that the plaintiff "having first entered upon the line and right-of-way occupied by the Southern Railway Company in crossing said East Emory Street *and thence*

*driven* upon the right-of-way occupied Western & Atlantic Railroad by its line in crossing said street," the petition shows on its face that, since the plaintiff "drove" his car onto the Western & Atlantic Railroad right-of-way, where it struck the described ridge, the plaintiff had regained control of his car after striking the holes on Southern Railway Company's right-of-way. Counsel for Southern Railway Company also contend that, since the holes were six inches deep and three feet in circumference, and that the automobile was proceeding at only ten miles per hour, common sense must tell the court that driving an automobile into such holes at such a speed will not cause the driver to lose control of it; and that, even so, it does not appear why the defendant did not regain control as the car proceeded along the street from the holes on the one right-of-way to the alleged barrier or ridge on the other; and that it does not appear that the plaintiff's car did anything while out of control that it would not have done had he driven, under control, onto the Western & Atlantic Railroad right-of-way and into the ridge which extended the entire width of the crossing, parallel to the tracks, and that, therefore, no cause of action is alleged.

We cannot agree with those contentions. The defendant Southern Railway Company did not require the plaintiff by special demurrer to state with greater particularity in what manner the front wheels of his car struck the holes or in what manner his loss of control caused him to strike the barrier or ridge. The plaintiff says that striking the holes caused him to lose control of the car, and that the loss of the control of the car caused him to strike the barrier. It does not appear what distance separated the holes from the barrier, and we cannot say as a matter of law that these things did not occur or that the driver while traversing what is to us an unknown distance should have regained control of his automobile. The phrase, "to drive a vehicle," does not conclusively connote that the vehicle driven is under the control of the driver at all times. The general allegations, as to the plaintiff having driven along Emory Street, and having first entered the right-of-way of Southern Railway Company, and having driven then upon the right-of-way of Western & Atlantic Railroad, do no more than establish the situs of the events which occurred and the relation of the one right-of-way to the other.

■ The trial court did not err in sustaining the special demurrers to the defendant's answer, as the averments which were stricken from the answer contained no defense to the plaintiff's action for the defendant's breach of its statutory duty. If the City of Dalton caused the holes on the one right-of-way and the ridge on the other in the exercise of eminent domain, the answer does not positively allege that such was the case—that the city exercised such power. ·

It is elementary that, where a duty is imposed by statute upon a class, such class cannot relieve itself of that duty by contract. *Mixon* v. *Savannah & Atlanta R.*, 28 *Ga. App.* 390 (2) (111 S. E. 690); *Atlanta & Fla. R. Co.* v. *Kimberly*, 87 *Ga.* 161, 167 (13 S. E. 277, 27 Am. St. R. 231).

Whether or not the City of Dalton or the Water, Light & Sinking Fund Commission, or their contractor would, under the provisions of Code § 95-601, be liable for causing the alleged defects in the rights-of-way, in no way changes the present defendant's duty to keep the crossing in good order. See, in this connection, *Byne* v. *Mayor &c. of Americus*, 6 *Ga. App.* 48 (64 S. E. 285).

*Judgments affirmed. Gardner, P. J., and Townsend, J., concur.*