41374. SOUTHERN RAILWAY COMPANY v. BROOKS et al.

DECIDED SEPTEMBER 8, 1965—REHEARING DENIED SEPTEMBER 22, 1965.

Claude V. Driver, Matthews, Maddox, Walton & Smith, John W. Maddox, Charles C. Shaw, for plaintiff in error.

Glenn T. York, Jr., Harold L. Murphy, Thomas B. Murphy, Smith, Ringel, Martin & Lowe, H. A. Stephens, Jr., contra.

BELL, Presiding Judge. ■ The primary contention of the railroad is that *Code* § 94-503 is null, void and of no effect because the words "keep in good order" and "according to the spirit of the road laws" are so general, vague, and indefinite as to render the section incapable of enforcement or construction. In its entirety *Code* § 94-503 reads as follows: "All railroad companies shall keep in good order, at their expense, the public roads or private ways established pursuant to law, where crossed by their several roads, and build suitable bridges and make proper excavations or embankments, according to the spirit of the road laws."

While courts should exercise great restraint in effacing solemn Acts of the legislature on the grounds of vagueness, indefiniteness, and uncertainty in meaning, there is no doubt that the

courts in proper cases have the power to do so. It has been done in civil cases on numerous occasions. *City of Atlanta v. Southern R. Co.*, 213 Ga. 736, 738, 739 (101 SE2d 707); *Bibb County v. Winslett*, 191 Ga. 860, 874 (14 SE2d 108); *Winslett v. Case-Fowler Lumber Co.*, 173 Ga. 539 (1) (160 SE 384); *Green v. State Highway Bd.*, 172 Ga. 618 (158 SE 329); *Cox v. DeJarnette*, 104 Ga. App. 664, 677 (3) (123 SE2d 16).

Although the statute asks little additional in civil conduct from the railroad than is demanded by the common law, legislation on the subject matter was first enacted in 1838. Ga. L. 1838, p. 216-217. The Code of 1861, § 678, contains language identical to the present Code as do the Codes of 1863, 1868, 1873, 1882, 1895 and 1910. Thus for a period of over 100 years and in no less than eight Codes solemnly enacted through the legislative process, the General Assembly has seen fit to continue precisely the same language in expressing this phase of the law. "Statutes are presumed to be enacted by the General Assembly with full knowledge of other statutes and the decisions of the courts." *Nelson v. Roberts*, 217 Ga. 613 (124 SE2d 85). "All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it." *Thornton v. Anderson*, 207 Ga. 714, 718 (64 SE2d 186, 24 ALR2d 1079). On numerous occasions both before and after the adoption of the present Code of 1933, the courts have given effect to the statute. See annotations, *Code* § 94-503. The failure of a railroad company to comply with the duties imposed upon it by this section of the law is negligence as a matter of law. *Central of Ga. R. Co. v. Dumas*, 44 Ga. App. 152 (7) (160 SE 814).

Despite the long history of the statute, we do not doubt that the trained and astute legal mind can conjure up hypothetical cases in which the meaning of the words "shall keep in good order" and "according to the spirit of the road laws" might present some difficulty in precise definition. There is, however, nothing so subtle here. The main violation of duty charged in this petition is the railroad's allowing a pit one and one-half feet deep to exist between its tracks on a public highway crossing and that without any warning to the public. But precise

definition is not the proper criterion for adjudging whether a statute is so vague and indefinite as to be unenforceable. The applicable standard is not one of wholly consistent academic definition of abstract terms. It is, rather, the practical criterion of fair notice to those to whom the statute is directed. The language of the statute attacked here is sufficient to furnish fair notice to the railroad of the measure of care required of it, for it is clear that the legislative intent is to place an absolute duty on railroads, among other things, of maintaining at their expense and in a reasonably safe condition all public crossings over their tracks. "The legislative intent will prevail over the literal import of the words." *Carroll v. Ragsdale,* 192 Ga. 118, 120 (15 SE2d 210). What constitutes a negligent or non-negligent performance of that duty presents under proper pleadings and evidence a question for the jury. *Yancey v. Southern R. Co.,* 99 Ga. App. 493, 495 (2a) (109 SE2d 300).

This contention of the railroad has no merit.

■ The railroad also contends that since the pit was dug by Bankhead and Bankhead was not its agent but an independent contractor, the railroad is not liable for Bankhead's negligence. Assuming arguendo, but not deciding, that Bankhead was an independent contractor, the contention nonetheless has no merit.

By applying the general principle that one charged by law with the performance of absolute duties cannot, by delegating the performance of those duties to an independent contractor, escape liability for their non-performance, the railroad company which is charged by law with the duty of maintaining its highway crossings in a reasonably safe condition for public travel cannot excuse the non-performance of that duty by an independent contract with another party. The railroad cannot therefore escape liability for an injury to a traveler from a defect in a public crossing by showing that it had delegated the construction or maintenance of the crossing to an independent contractor who failed to maintain the crossing in a reasonably safe condition. *Mixon v. Savannah & Atlanta R.,* 28 Ga. App. 390 (2) (111 SE 690). *Code* § 105-502 (4).

■ The petition alleges among other things that the defendant, Bankhead Welding Service, Inc., on behalf of the Southern

Railway Co., dug an area approximately one and one-half feet deep between the tracks of Southern in the publicly traveled portion of the crossing of U.S. Highway Number 27 in Bremen, Ga.; that there were no guardrails, warning lights, flares, watchmen or other precautionary measures taken to warn users of the public crossing; and that plaintiff was injured when the vehicle in which she was riding struck the pit throwing her violently about in the vehicle. Numerous allegations of common law negligence as well as violations of *Code* § 94-503 were charged against the defendants.

The petition stated a cause of action and the trial judge properly overruled the demurrers of the railroad.

*Judgment affirmed. Frankum and Hall, JJ., concur.*