BUILDING INSPECTOR OF DENNIS & another vs. FRED B.
HARNEY, JR., & another.

Barnstable. April 19, 1974. — October 8, 1974.

Present: ROSE, GOODMAN, & GRANT, JJ.

*Zoning, Access road.*

A judge of the Superior Court properly ordered defendants to dis-
continue using a road running through a portion of their property,
zoned for residential use, for public access to a commercial enter-
prise on a contiguous portion of their property in an unrestricted
zone. [585-586]

Defendants who, in violation of a zoning by-law, used a road on a
portion of their property, zoned for residential use, for public
access to a commercial enterprise of the defendants, located on a
contiguous portion of their property in an unrestricted zone, should
not have been ordered to "barricade" the road but only to install
posts and a chain or a locked gate to prevent public use of the
road. [586]

BILL IN EQUITY filed in the Superior Court on June 15,
1972.

The suit was heard by *Connolly*, J.

*Stephen C. Jones* for the defendants.

*William D. Mone* for the intervener Richard D. Bush
(*Robert E. O'Neil*, Town Counsel, for the Building In-
spector of Dennis, with him).

ROSE, J.   This is an appeal from a decree entered upon
a bill in equity which was brought by the town of
Dennis[1] in response to an alleged violation of its zoning
by-law.   The case is before us on a report of material
facts and designated portions of the evidence.

---

[1] Richard D. Bush, a property owner in the town of Dennis, was
permitted to intervene as a plaintiff in the suit.

The defendants, Fred B. Harney, Jr., and Shirley J. Harney, own a parcel of land located between Route 134 and Main Street in Dennis. The bulk of their property lies within an "unrestricted" zoning district.[2] However, the portion of their property which borders on Main Street was, at the time of the hearing, zoned "residential" to a depth of 150 feet from the street. The town's zoning by-law provided that "[i]n a residential district no building or premises shall be used for any purpose" except certain enumerated uses with which we are not here concerned. Also allowed was "[a]ccessory use on the same lot with and customarily incident to any . . . permitted uses and not detrimental to a residential neighborhood . . .."

The defendants operate a business which is located on Route 134 within the unrestricted portion of their property. The subject of the present dispute is a roadway constructed by the defendants which runs through both the residential and the unrestricted areas of their land from Main Street to Route 134. A judge of the Superior Court found that the road "has been used as an accessory roadway to [the defendants'] place of business ever since its construction . . . [and] constitutes an additional means of access to [their] place of business." Ruling that such a use of the residentially zoned portion of the defendants' land was illegal under the town's zoning by-law, he enjoined further use or construction of an access road inside the residential strip and ordered the defendants to erect a barricade adequate to prevent public use of that portion of the road which fell within the strip.

The use of the portion of the defendants' land lying within the residential zone as an access road to a commercial enterprise lying within the unrestricted zone clearly does not fall within any of the uses permitted in a

---

[2] In an "unrestricted" district the zoning by-law permitted "any use . . . residential . . . business or industrial, which is legal, proper, and not otherwise regulated or forbidden."

residential zone by the town's zoning by-law. See *Harrison* v. *Building Inspector of Braintree,* 350 Mass. 559, 561 (1966); *Richardson* v. *Zoning Bd. of Appeals of Framingham,* 351 Mass. 375, 381 (1966). The defendants have sought to distinguish the *Harrison* case on the ground that the road at issue is used by the public to gain access to other residential and commercial property in the town. It is doubtful whether the designated portion of the evidence affords a basis for modifying the judge's finding on this issue. Even if it did, however, the defendants would not prevail, since under the terms of the zoning by-law a qualifying use must itself be residential in nature or must be accessory to a permitted use *on the same lot.* Employment of the defendants' land as a public way qualifies under neither of these criteria.

Although we do not accept the defendants' contention that the present decree[3] is impossible to enforce, we do believe that compliance with the by-law could be assured by means less drastic than the erection of a "barricade," for instance by the installation of posts and a chain or of a locked gate.

The final decree is to be modified by striking out paragraphs 1, 3, and 4 thereof and by substituting for paragraph 1 the following: "1. The respondents, their agents

---

[3] The final decree provided in pertinent part as follows:

"The cause came on for further hearing, and it was argued by counsel, and upon consideration thereof, it is ORDERED, ADJUDGED and DECREED as follows:

"1. The respondents, their agents or servants are permanently restrained and enjoined from using or further constructing all or any part of the land owned by respondents beginning at Main Street, South Dennis, Massachusetts and extending Easterly a distance of 150 feet, as an access roadway to respondents' place of business.

"2. Respondents are hereby ordered to erect a barricade adequate to prevent use by the public of the aforesaid 150 foot strip of roadway, said barricade to be erected within 60 days from the date of entry of this decree."

or servants are permanently restrained and enjoined, except as provided in paragraph 2 of this decree, from using or permitting the use of any part of the land owned by the respondents, beginning at Main Street, South Dennis, Massachusetts and extending easterly a distance of 150 feet, as an access roadway to the respondents' place of business and from further constructing said access roadway on such land." It is further modified by adding the following sentence to paragraph 2. "The barricade may be removable in nature, but the respondents are to keep the same in place or locked at all times except when used by themselves or by bona fide residents of the dwelling presently located on the Main Street portion of the respondents' property, subject to such modification by the court as changed circumstances may make reasonable." As so modified the decree is affirmed.

*So ordered.*