31430. GUHL et al. v. PAR-3 GOLF CLUB, INC. et al.

HILL, Justice.

The defendant county commissioners and officers appeal from a ruling of the DeKalb Superior Court ordering them to issue plaintiffs, Par-3 Golf Club, Inc., and its owner, a certificate of zoning compliance and a development permit.

Plaintiffs own and operate a motel called "Golfland Motor Lodge" in DeKalb County. Formerly a par 3 golf course was located next to the motel, but it was closed in 1973 because of flooding on the golf course as a result of construction in the surrounding area. In addition to the motel, plaintiffs also own this adjacent land. The entire property is classified as M, light industrial, by the DeKalb County zoning ordinance. A motel is a permitted use in an M classification, but a par 3 golf course is not.

In late 1975 plaintiffs applied for a change in zoning classification from M to C-2, general commercial, for the site previously used as a par 3 golf course. In early 1976 the Board of Commissioners denied the application. Thereafter, the plaintiffs applied to the DeKalb County Planning Department for a certificate of zoning compliance and a development permit to enable them to construct an auto raceway on the site. An auto raceway would be permitted in a C-2 classification. The application was denied on the basis that an auto raceway

is not a permitted use within an M classification and is not an accessory use incident to a motel.

The plaintiffs then brought an action in the DeKalb Superior Court contending that the Board of Commissioners' zoning of and refusal to rezone the property and the Planning Department's refusal to permit the plaintiffs to obtain a development permit unconstitutionally deprives them of the use of their property without just and adequate compensation. They asked that the zoning as applied to them be declared unconstitutional and that a writ of mandamus be issued.

After a hearing, the court found as a matter of law that the continued classification of the property as M amounts to a taking of property without compensation, that the classification bears no substantial relation to the public health, safety, morality or general welfare, that the failure to allow recreational facilities in an M district is without rational basis and is arbitrary and unconstitutional, and that the denial of the application for a development permit was wrongful and inconsistent with Article VII(D)(1) of the zoning ordinance allowing accessory uses in M classification. The court granted a writ of mandamus directing that a certificate of zoning compliance and development permit be issued. The county officials appeal.

The trial court's order will be upheld if either the zoning of and failure to reclassify plaintiffs' property constituted an unconstitutional taking by the county, or if the building of an auto raceway is an accessory use permitted by the DeKalb zoning ordinance in an M classification. In view of our disposition of the first of these issues, we do not reach the procedural problem which otherwise would be posed by *City of Atlanta v. McLennan*, 237 Ga. 25 (226 SE2d 732) (1976).

1. *Barrett v. Hamby*, 235 Ga. 262 (219 SE2d 399) (1976), explicitly defines the test to be applied in balancing the property owner's right to use his land as he sees fit and the governing authority's need to restrict property to certain uses by the passage of zoning laws. There the court said (p. 265): "[A] zoning classification may only be justified if it bears a substantial relation to the public health, safety, morality or general welfare." A

footnote makes clear that "substantial" is more or less synonymous with "reasonable" and is certainly more than "any" evidence.

As stated in *Barrett v. Hamby,* 235 Ga. at 266: ". . . [I]f the zoning regulation results in relatively little gain or benefit to the public while inflicting serious injury or loss on the owner, such regulation is confiscatory and void." Therefore, on the one hand the property owner must show substantial injury or loss in order for a zoning classification to be termed an unconstitutional taking. In *Barrett* the residential property was bordered by land zoned commercial; this property and the property surrounding it are zoned M for industrial development. The property owner in *Barrett* had received numerous offers from prospective commercial developers and none from residential developers; here the plaintiff testified that different possible uses for the property have been considered and that he has been told that very limited use can be made of the property since it is situated in the flood plain. However, there is no showing that all possible limited uses are incompatible with the M zoning classification. In *Barrett* the property owner showed that the county planning commission had recommended denial of the rezoning application. In *Barrett* there was evidence of numerous advantages to use of the land commercially and serious disadvantages to residential use; here there is evidence that the use of the land as a par 3 golf course was abandoned because of flooding, but this is not a taking due to the M zoning classification. Evidence that the motel has become unprofitable is not the *Barrett* equivalent of finding the property sought to be rezoned as having virtually no value under the existing zoning. On the other hand, the construction of an auto raceway and grandstand in the flood plain could affect the public health, etc.

Therefore, under the facts of this case, we find no taking of property without compensation by the M classification and hold that the county's zoning and refusal to rezone were not unconstitutional.

2. The DeKalb zoning ordinance permits "accessory uses and structures incidental to any permitted use" in all zoning classifications, including M. However, nowhere in

the ordinance is the term "accessory use" defined. Absent an adopted definition, the courts must determine the intended meaning. "An 'accessory use' is a use which is clearly incidental to and customarily found in connection with and located on the same zoning lot as is the principal use to which it is related." 1 Rathkopf, The Law of Zoning & Planning (3d Ed.) 23-1. Thus a swimming pool for use by guests is a typical accessory use in connection with a motel. An accessory use "is dependent on or pertains to the principal or main use." Rathkopf at 23-6. In Shell Oil Co. v. Board of Adjustment of Hanover Tp., 38 N. J. 403 (185 A2d 201) (1962), the court held that a service station next to a municipal airport, which was primarily designed to service vehicles on the adjacent highway and not for the convenience of those using the airport, was not incidental to the operation of the airport. In Marine Attractions v. City of St. Petersburg Beach, 224 S2d 337 (Dist. Ct. App. Fla. 1969), the court found that a large scale amusement park with a ferris wheel and a number of other rides was not an accessory use to an aquarium. Applying these principles to the situation here, we must conclude that an auto raceway next to a motel is not "clearly incidental to and customarily found in connection with" a motel, nor does an auto raceway depend on or pertain to the use of a motel.

The plaintiffs would have us interpret the trial court's order as a finding by that court that the use of the land as a par 3 golf course was an accessory use and that the use of the same site as an auto raceway would simply be a substitution for the par 3 golf course. Looking again at the criteria set out above, we find that the par 3 golf course was not dependent on the use of the motel nor was it clearly incidental to the motel. Calling the motel "Golfland Motor Lodge" is not enough to make the one use dependent upon the other. Since the use of the land as a par 3 golf course was not an accessory use and was not a permitted use within M classification, it was a nonconforming use. The DeKalb County zoning ordinance does not provide for the substitution of one nonconforming use by another nonconforming use.

The trial court erred in issuing the writ of mandamus.

*Judgment reversed. All the Justices concur.*

Argued September 21, 1976 — Decided December 1, 1976.

*Harvey, Willard & Elliott, Wendell K. Willard, Billy Olsen,* for appellants.

*Zachary & Segraves, William E. Zachary, Jr.,* for appellees.