### 33202. BELL v. BARRETT et al.

HILL, Justice.

The members of the Board of Commissioners of Cobb County filed suit in equity to enjoin the defendant from operating a commercial dog kennel in a district zoned single family residential. The defendant answered, alleging that he resides at the location in issue, that he keeps dogs as a hobby and that he is not operating a commercial dog kennel. Plaintiffs amended to allege that defendant's activities constitute a nuisance and urged that even operation of a noncommercial kennel in a single family residential district violates the zoning ordinance.

The defendant filed a motion to dismiss asserting that the zoning ordinance failed to define the terms commercial and noncommercial kennel and hence was so

vague and indefinite as to violate the 14th Amendment and the due process provision of the Constitution of Georgia, Art. I, Sec. I, Par. I (1976) (Code Ann. § 2-101). After hearing, the court found that the word kennel means an "establishment for the breeding or boarding of dogs" and that the words "commercial" and "noncommercial" were sufficiently self-explanatory to give the defendant fair notice of the meaning of the ordinance. See *Southern R. Co. v. Brooks,* 112 Ga. App. 324 (1) (145 SE2d 76) (1965). The motion to dismiss was overruled. After nonjury trial at which it was stipulated that the defendant had five dogs, he was enjoined from maintaining more than three dogs on the premises in question.

There are no findings of fact or conclusions of law, no transcript of the evidence and no copy of the zoning ordinance in the record. Extracts of the ordinance attached to a brief suggest that neither commercial nor noncommercial kennels are permitted in single family residential districts.

The sole issues on appeal are whether the trial court was authorized to provide definitions of the terms commercial and noncommercial kennels used in the zoning ordinance and to limit defendant to three dogs.

One of the traditional functions of courts is to interpret and construe legislative enactments. Determining the intent of the legislative body by defining the ordinary or technical meaning of the terms it has used is commonplace. *Guhl v. Par-3 Golf Club, Inc.,* 238 Ga. 43 (2) (231 SE2d 55) (1976); Code Ann. § 102-102 (1). There is no due process prohibition on the enactment of legislation which requires definitions to be provided by the judiciary. The court below did not err in overruling the motion to dismiss.

From all that appears the court below found that the defendant was operating a kennel in violation of the zoning ordinance but found that the defendant should be allowed to keep three dogs as house pets without violating the ordinance or constituting a nuisance. On this record we cannot find that the trial court erred.

*Judgment affirmed. All the Justices concur, except Jordan and Marshall, JJ., who dissent.*

Submitted January 20, 1978 — Decided February 28, 1978 — Rehearing denied March 28, 1978.

*Still & Aldridge, Richard H. Still,* for appellant.
*Ben F. Smith,* for appellees.

JORDAN, Justice, dissenting.

It seems to me that the trial court in overruling the defendant's motion to dismiss has determined that a person who keeps more than three dogs on his property is operating a "commercial kennel." I see no rational basis for making such a determination. The zoning ordinance, not the court, should have specifically made this determination. Absent this, the ordinance was too vague and indefinite.

I am authorized to state that Justice Marshall joins in this dissent.