Fishman, J.
This action is an appeal under G.L.c. 40A, §17 and G.L.c. 41, §81BB of the approval of a cluster development residential subdivision in Fitch-burg, Massachusetts. This matter is presently before the Court on Benjamin Builders Realty Trust, Gary Lorden’s (“Lorden”) motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(1). For the reasons set forth below, Lorden’s motion to dismiss is DENIED.
DISCUSSION
A plaintiffs standing may be challenged by a motion to dismiss under Mass.R.Civ.P. 12(b)(1). Ginther v. Commissioner of Insurance, 427 Mass. 319, 322 (1988). The court should “accept the factual allegations in the plaintiffs’ complaint, as well as any favorable inferences reasonably drawn from them, as true.” Id. citing Nader v. Citron, 372 Mass. 96, 98 (1977). The court may also consider affidavits and other matters outside the face of the complaint. Ginther, 427 Mass, at 322 n.6. This court has considered the complaint and the affidavits of Lorden and counsel, attached to which are exhibits including answers to interrogatories, portions of deposition testimony, and other documents relating to the subdivision at issue.
Lorden’s motion is predicated on a claim that this Court does not have subject matter jurisdiction because plaintiffs are not parties aggrieved with standing to bring this action. “Section 17 of G.L.c. 40A provides that ‘[a]ny person aggrieved’ by a decision of a zoning board of appeals or special permit granting authority may appeal the decision by bringing an action in the Superior Court.” Harvard Square Defense Fund, Inc. v. Planning Bd. of Cambridge, 27 Mass.App.Ct. 491, 492 (1989). There is a presumption that “parties in interest,” i.e., persons who were statutorily entitled to notice of hearing before the board and notice of its decision, are aggrieved persons under Section 17. Watros v. Greater Lynn Mental Health & Retardation Ass’n, Inc., 421 Mass. 106, 110-11 (1995). Under G.L.c. 40A, §11, “parties in interest” mean “the petitioner, abutters, owners of land directly opposite on any public or private street or way, and abutters to abutters within three hundred feet of the properly line of the petitioner ...” The presumption is successfully rebuffed when the plaintiffs status as an aggrieved *70 person has been challenged and the defendant “offers evidence supporting his or her challenge.” Watros, 421 Mass, at 111.
Of course, if the presumption is rebuffed, the inquiry does not end. A “person aggrieved” is one who “suffers some infringement of his legal rights.” Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996), citing Circle Lounge & Grille, Inc. v. Board of Appeal of Boston, 324 Mass. 427, 430 (1949). The term should not be read narrowly, but the injury need be more than speculative. Marashlian, 421 Mass, at 721 (citations omitted). The plaintiffs burden in establishing standing is to put forth credible evidence to substantiate his or her allegations. Id., citing Bedford v. Board of Trustees of Boston University, 25 Mass.App.Ct. 372, 377 (1988).
“Use of land in one zoning district for an access road to another zoning district is prohibited where the road would provide public access to uses that would themselves be barred if they had been located in the first zoning district. In such a situation, the access is considered to be in the same use as the parcel to which the access leads.” Beale v. Planning Bd. of Rockland, 423 Mass. 690, 694, citing Richardson v. Zoning Bd. of Appeals of Framingham, 351 Mass. 375, 381 (1966); Harrison v. Building Inspector of Braintree, 350 Mass. 559, 561 (1966); Brookline v. Co-Ray Realty Co., 326 Mass. 206, 211-12 (1950); Building Inspector of Dennis v. Harney, 2 Mass.App.Ct. 584, 585-86 (1974). Thus, one abutting an access road whose use as such is prohibited would have standing to contest the infringement of his rights resulting from the impermissible use of the access road.
Here, the only plaintiff who enjoys the presumption under Watros is B&J Realty Trust (“B&J”) because B&J owns property located opposite the project at issue. However, Lorden has offered evidence challenging the standing of all the plaintiffs, including B&J. Accordingly, the presumption is rebuffed, and the analysis regarding standing becomes essentially the same for all the plaintiffs.
The plaintiffs are either landowners in an industrial park adjacent to the project or are lessees of property who operate businesses in the park. Among their claims is a concern that a road running through the industrial park, Industrial Road, will become the primary access to the proposed residential subdivision. They have averred, without contradiction, that Industrial Road is indeed the only access to the subdivision and that the industrial park is strictly an industrial zone. Single-family residences, as would comprise the proposed subdivision, are a prohibited use in the industrial park. These plaintiffs — abutters to Industrial Road — have expressed reasonable concerns about a flow of residential traffic through the industrial park, and, specifically, the attendant potential increased liability, safety problems and vandalism.[3] See Bedford, 25 Mass.App.Ct. at 377 (potential for damage from increased vehicular and pedestrian traffic gave plaintiff standing); see also Paulding v. Bruins, 18 Mass.App.Ct. 707, 709 (1984) (concerns about erosion and damage to trees sufficient to support standing). The fact that the law recognizes that the use of a road in an industrial zone as access to a residential zone may be prohibited further supports the concerns raised by the plaintiffs. See Harrison v. Building Inspector of Braintree, 350 Mass. 559, 561 (1966) (“use of land in a residential district, in which all aspects of industry are barred, for access roadways for an adjacent industrial plant violates the residential requirement”). Accordingly, plaintiffs have standing to challenge the decision of the Planning Board approving the subdivision.
CONCLUSION
For the foregoing reasons, it is hereby ORDERED that Lorden’s motion to dismiss is DENIED.

 The plaintiffs assert that their position is supported by a report of the staff of the Planning Board of Fitchburg which recommended against the approval of the subdivision. Although the report references expressed concerns about residential traffic in the industrial park, the ultimate recommendation is not predicated on those concerns, and, therefore, the report does not enhance plaintiff s position.