**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**June 2, 2020**

# In the Court of Appeals of Georgia

A20A0192. CITY OF DOUGLASVILLE et al. v. BOYD.

BROWN, Judge.

In this discretionary appeal, the City of Douglasville, along with its mayor and City Council members, (collectively "the City") assert that the superior court erred by concluding that the City Council "acted arbitrarily and capriciously and erred as a matter of law in denying [Bart Boyd's development plan a]pplication." The City asserts that the superior court erred by ignoring precedent regarding "more intense or heavy uses of a property than the property is zoned," substituting its judgment for that of the City Council, and concluding that the City Council did not have authority to weigh the evidence in deciding whether to approve the application. For the reasons explained below, we reverse.

When reviewing a local governing body's zoning decision by writ of certiorari, [t]he scope of review shall be limited to all errors of law and determination as to whether the judgment or ruling below was sustained by substantial evidence. OCGA § 5-4-12 (b). "Substantial evidence" under this section has been consistently interpreted to mean "any evidence[.]" This Court's "standard of review is whether there is any evidence supporting the decision of the local governing body, not whether there is any evidence supporting the decision of the superior court."

(Citations and punctuation omitted.) *Macon-Bibb County Planning & Zoning Comm. v. EpicMidstream, LLC*, 349 Ga. App. 568, 572 (1) (826 SE2d 403) (2019) (physical precedent only).

The record shows that on April 18, 2018, Bart Boyd and Georgia Stone Products, LLC, submitted a "Development Plan Application" for a portable rock crushing plant to use on property zoned heavy industrial. Raw materials would be trucked into the site, processed, and then trucked out. Trucks with the raw and finished materials would pass over Boyd's adjacent property to the east zoned light industrial to access the plant located on the property zoned heavy industrial. City staff concluded that the application "met all of the requirements of the submittal." The City Council then considered the application over the course of four meetings before

2

denying it by a vote of 4-3. In the hearings, Boyd asserted that he had a right to use the portion of his property zoned heavy industrial for "Stone, Clay, Glass and Concrete Products." An objection to approval of the development plan raised in one of the meetings was that the development plan showed an access road on land lot 190, zoned light industrial, to access land lot 189, zoned heavy industrial, where the rock crushing facility would be located. The development plan application listed both land lots 189 and 190. A legal memorandum submitted to the City by its attorney noted the contention "that automobile traffic for [a heavy industrial] use cannot be routed through [light industrial] property where that use is prohibited, and for this reason the driveway for this project cannot be located through the [light industrial] parcel to the east. . . . This is probably a valid reason to disapprove the application."

Following the City Council's denial of the development plan application, Boyd filed a petition for writ of certiorari in the superior court asserting, in part, that the City's decision to deny his application "was arbitrary, capricious, an abuse of discretion and not supported by any evidence." Following a hearing, the superior court entered an order summarily concluding that the City Council "acted arbitrarily and capriciously and erred as a matter of law in denying Petitioner's Application at

3

the May 21, 2018 City Council meeting." This Court subsequently granted the City's application for a discretionary appeal.

1. The City asserts that the superior court erred because the City was authorized to deny the development plan because access through the property zoned light industrial to support the heavy industrial use on property zoned heavy industrial would violate its zoning code. We agree.

Article II of the City of Douglasville Zoning Code states: "This article defines the zoning districts in the city and identifies the specific uses to which land and structures may be put in the various zoning districts. . . ." Article II, Section 2.01. These zoning districts include a light industrial district abbreviated as "IL" and a heavy industrial district abbreviated as "IH." Article II, Section 2.02.01. Additionally, "[a]ny use not shown on the following tables as permitted in a zoning district *is specifically prohibited*." (Emphasis supplied.) Article II, Section 2.05.05. Table 2-1, covering "Permitted principal uses by zoning district," is broken down into three categories: (1) "Uses Permitted in District by Right"; (2) "Uses Allowed by Approval as a Special Use"; and (3) "Uses Not Permitted." Table 2-2, covering "Permitted Accessory Uses by Zoning District," lists the same three categories as Table 2-1. The preface to Table 2-2 states:

4

The following are allowed as an accessory use that is normally incidental to an existing principal use on a property in the zoning districts noted. See also "restrictions on particular uses" article of this zoning ordinance for restrictions that may apply to specific uses in general or in specific zoning districts, as well as restrictions imposed by the FH or environmental overlay districts.

Access roads and driveways are not listed in Table 2-2.

Article III of the Code governs restrictions on particular uses with the following stated purpose: "The following specific requirements apply to each of the following principal and accessory uses in all zoning districts where each principal or accessory use is otherwise permitted by right or as a special use." Article III, Section 3.01. One of these provisions states: "No accessory use or structure shall be allowed on any lot *except in relation to an existing principal use on the lot*." (Emphasis supplied.) Article III, Section 3.34.01.

With regard to the property zoned light industrial on which Boyd sought to place an access road to the property zoned heavy industrial, neither "Mining and Quarrying" nor "Stone, Clay, Glass and Concrete Products" are a permitted principal use by either right or special permit. Accordingly, we must decide whether an access road that does not relate to an allowed principal use on the light industrial property

complies with the City's Zoning Code. While there is no existing Georgia case addressing this particular set of facts, Georgia courts have concluded, based on ordinances with provisions having a similar or analogous effect to those at issue here, that an accessory use that does not pertain to the allowed use of a property violates a local zoning ordinance. See *Bo Fancy Productions v. Rabun County Bd. of Commrs.*, 267 Ga. 341, 343-344 (1) (b) (478 SE2d 373) (1996) ("operating on 'residential' property a parking lot for the vehicles of those attending the commercial rally on the adjoining 'agricultural' property would violate the ordinance"); *DeKalb County v. Publix Super Mkt.*, 264 Ga. 739, 743 (3) (452 SE2d 471) (1994) (holding "no entitlement as a matter of law to approval of plat proposing parking for a [local-commercial] use in an adjacent [office-institutional]"); *Dawkins & Smith Homes v. Lowndes County*, 306 Ga. App. 79, 80-81 (1) (701 SE2d 544) (2010) (access easement to boat ramp on single-family residence lot for benefit of 13 neighboring single family lots was not "accessory use" permitted by the county zoning ordinance).

Other jurisdictions have concluded that an access driveway or private road related to a use not permitted by zoning for the property on which the driveway is located violates a local zoning ordinance. See *Teachers Ins. & Annuity Assn. v. Furlotti*, 70 Cal. App. 4th 1487, 1494-1496 (2) (Cal. Crt. App. 1999) (use of

6

residential half of private alley to gain access to land or buildings in commercially zoned areas violated local zoning ordinance); *Beale v. Planning Bd.*, 423 Mass. 690, 694 (2) (671 NE2d 1233) (1996) ("Use of land in one zoning district for an access road to another zoning district is prohibited where the road would provide access to uses that would themselves be barred if they had been located in the first zoning district."); *Bldg. Inspector v. Harney*, 2 Mass. App. Ct. 584, 585-586 (317 NE2d 81) (1974) (holding "use of the portion of the defendants' land lying within the residential zone as an access road to a commercial enterprise lying within the unrestricted zone clearly does not fall within any of the uses permitted in a residential zone by the town's zoning by-law"; by-law required qualifying use to "be accessory to a permitted use *on the same lot*") (emphasis in original). The zoning ordinance at issue here unambiguously states: "No accessory use or structure shall be allowed on any lot *except in relation to an existing principal use on the lot*." (Emphasis supplied.) Article III, Section 3.34.01. Additionally, it provides that "[a]ny use not shown on [Tables 2-1 and 2-2] as permitted in a zoning district is specifically prohibited." Article II, Section 2.05.05. Based upon this unambiguous language, the superior court

erred when it reversed the City Council's denial of Boyd's application for a development plan and approved it as a matter of law.[1]

2. The City's alternative grounds to reverse the superior court's order are rendered moot by our holding in Division 1.

*Judgment reversed. Dillard, P. J., and Rickman, J., concur.*

---

[1] The issue of access should not be a ground for concluding that the access road over the light industrial property does not violate the zoning ordinance. As one court from another jurisdiction noted, "access may be a reason for granting a variance [from the zoning requirements;] it is not a justification for dispensing with one." *Nuckel v. Borough of Little Ferry Planning Bd.*, 208 N. J. 95, 105-106 (IV) (26 A3d 418) (2011).